IN THE UNITED STATE DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **DENNIS W. VANICOR,** | § | |
| **INDIVIDUALLY, AND** | § | |
| **SHEILA A. VANICOR,** | § | |
| **INDIVIDUALLY** | § | |
| | § | **CIVIL ACTION** |
| **Plaintiffs,** | § | **NO. _____** |
| | § | **(JURY DEMANDED)** |
| **VS.** | § | |
| | § | |
| **CANAL INSURANCE COMPANY,** | § | |
| **BARNES TRANSPORTATION** | § | |
| **SERVICES, INC., AND** | § | |
| **TONI L. PIATT, INDIVIDUALLY** | § | |
| | § | |
| **Defendants.** | § | |

## PLAINTIFFS' ORIGINAL COMPLAINT

**TO THE HONORABLE DISTRICT COURT JUDGE:**

COME NOW Plaintiffs, **DENNIS W. VANICOR, Individually** and **SHEILA A. VANICOR**, **Individually**, hereafter collectively called "Plaintiffs" complaining of **CANAL INSURANCE COMPANY, BARNES TRANSPORTATION SERVICES, INC**., and **TONI L. PIATT,** hereinafter collectively called "Defendants" and for cause of action would respectfully show the Court the following:

## PARTIES

1.

Plaintiffs are adult residents of, and domiciled in, Calcasieu Parish, Louisiana.

2.

Defendant, **CANAL INSURANCE COMPANY**, (hereinafter individually referred to as "**CANAL**") is a South Carolina company with its principal place of business located at 400 East

Stone Ave, Greenville, SC 29601.  Accordingly, **CANAL** is a citizen of South Carolina and only South Carolina. **CANAL** can be served with summons and this Complaint through its agent for service of process, at: Louisiana Secretary of State, 8585 Archives Avenue, Baton Rouge, Louisiana 70809.

3.

Defendant, **BARNES TRANSPORTATION SERVICES, INC**., (hereinafter individually referred to as "**BARNES**") is a North Carolina corporation with its principal place of business located at 2309 Whitley Road, Wilson, NC 27893.  Accordingly, **BARNES** is a citizen of North Carolina and only North Carolina.  **BARNES** is a federally authorized motor carrier and was operating under USDOT# 548617 at the time of the crash made the basis of this lawsuit.  **BARNES** can be served with summons and this Complaint through its agent for service of process, Anthony Keith Barnes at 2309 Whitley Road East, Wilson, North Carolina 27893, and through D. Chance McNeely/LMTA, 4838 Bennington Avenue, Baton Rouge, Louisiana 70808.

4.

Defendant, **TONI L. PIATT**, (hereinafter individually referred to as "**PIATT**") is an adult resident and domiciliary of Alabama, who may be served with summons and this Complaint at:  2730 N. US Highway 31, Deatsville, Alabama 36022.

## JURISDICTION AND VENUE

5.

The amount in controversy, exclusive of interests and costs, exceeds the minimum jurisdictional limits of this court.

6.

Jurisdiction is proper in this court as there is diversity of citizenship between the parties as provided by 28 U.S.C. §1332(a).

7.

The Court has personal jurisdiction over the Defendants because they purposefully availed themselves of the rights and privileges of Louisiana law.

**CANAL** applied for, accepted, and maintains admission to conduct business in the State of Louisiana from the Louisiana Department of Insurance. On information and belief, **CANAL** insured **BARNES** and **PIATT,** for pecuniary gain, to operate the commercial motor vehicle **PIATT** was driving at the time of this crash within the state of Louisiana.  **BARNES** and **PIATT** were transporting goods in interstate commerce via a commercial motor vehicle, on the public highways of Louisiana for pecuniary gain. This lawsuit arises, at least in part, from the negligence committed while **BARNES** and **PIATT** were conducting that business within the State of Louisiana. This lawsuit arises out of Defendants' contacts and business transactions conducted in the State of Louisiana.

8.

Venue is proper in the Western District of Louisiana pursuant to 28 U.S.C. §1391(b)(2), because a substantial part of the events giving rise to this claim occurred in this district. Plaintiff, **DENNIS W. VANICOR,** and Defendant, **PIATT,** were involved in the motor vehicle crash giving rise to this case within this district.

**STATEMENT OF FACTS AND CAUSES OF ACTION**

9.

Plaintiffs bring this suit to recover for damages sustained by Plaintiffs as a result of the

personal injuries to **DENNIS W. VANICOR** resulting from a collision on May 20, 2021, in Calcasieu Parish, Louisiana, with a commercial motor vehicle 18-wheeler tractor-trailer operated pursuant to the USDOT operating authority issued to **BARNES** and driven by **PIATT**.  The collision was proximately caused by Defendants' negligence.  At such time and place, the 18-wheeler was being driven by **PIATT** in the right travel lane of I-10 westbound near milepost 38.7.  Plaintiff, **DENNIS W. VANICOR**, was traveling in the same I-10 westbound right travel lane of traffic following two other passenger vehicles behind the 18-wheeler being driven by **PIATT**.

10.

The tractor being driven by **PIATT** was experiencing mechanical defects, causing her to travel at a speed significantly slower than both the flow of traffic and the posted speed limit, creating a dangerous hazard to other vehicles driving behind her, including **DENNIS W. VANICOR**.  Instead of taking reasonable precautions to minimize the hazard she was creating to other drivers behind her in her lane, **PIATT** continued traveling in the right travel lane at a speed significantly slower than both the flow of traffic and the posted speed.  As **DENNIS W. VANICOR** approached the 18-wheeler being driven by **PIATT**, he had no way of knowing that **PIATT** was traveling so slow until the vehicles immediately in front of him both narrowly avoided crashing into the rear of **PIATT**'s trailer by swerving to the lane to their left.  By the time **PIATT**'s slow moving 18-wheeler was exposed to **DENNIS W. VANICOR,** it was too late to avoid crashing into the rear of **PIATT's** trailer**.**  The resulting collision caused **DENNIS W. VANICOR** to sustain serious and permanent personal injuries.

11.

The injuries and damages suffered by Plaintiffs were directly and proximately caused by

the negligence of the Defendants, individually and acting by and through their servants, agents,

and employees, as hereinafter set out.  At the time and place in question, **PIATT** was acting as

the agent, servant, and employee of **BARNES** and was within the course and scope of her

employment for of **BARNES**.  Defendants, acting through their agents, servants and employees,

in the course and scope of their employment, were guilty of acts of negligence each of which

jointly and severally proximately caused the injuries and damages suffered by Plaintiffs.

12.

This crash and Plaintiffs resulting injuries and damages were caused through the fault,

negligence, imprudence, or the want of skill of **PIATT**, as follows:

1. Failing to operate her eighteen-wheeler in a reasonably prudent and safe manner;

2. Unreasonably creating a dangerous hazard to other drivers, including **DENNIS W. VANICOR** by driving significantly slower than both the flow of traffic and the posted speed limit in the right travel lane I-10 westbound;

3. Failing to remove her eighteen-wheeler from the traveled portion of the roadway after she could not drive at a speed consistent with the flow of traffic and the posted speed limit in the right travel lane I-10 westbound due to the mechanical issues with her tractor-trailer;

4. Failing to drive prudently and use appropriate care in operating her eighteen-wheeler;

5. Failing to be attentive and to keep a proper lookout for other drivers;

6. Failing to use reasonable care and caution to do what a normally prudent eighteen-wheeler driver would have done operating under the same or similar circumstances;

13.

On information and belief, **CANAL** is contractually obligated to defend and indemnify

either or both **PIATT** and **BARNES** under a police or policies of insurance that were in full force and effect at all times pertinent herein**,** and are, therefore, liable for the damages caused by them to Plaintiffs.

## RESPONDEAT SUPERIOR

14.

Whenever, in this complaint, it is alleged that any Defendant did any act or thing, it is meant to include that the Defendants' agents, officers, servants, employees or representatives did such act or thing and that at the time such act or thing was done it was done with the full authorization or ratification of said Defendant or was done in the normal and routine course and scope of employment of Defendants' officers, agents, servants, employees or representatives.

15.

Upon information and belief, at all times pertinent hereto **PIATT** was a servant, agent and employee of **BARNES,** and was acting within the course and scope of her employment for **BARNES** and in the furtherance of said employer's business.   As a result, **BARNES** is personally or vicariously liable for all negligent acts committed by its employee, **PIATT**, in the course and scope of her employment and for the serious injuries to and resulting damages suffered by Plaintiffs.

## DAMAGES

16.

As a result of the above-described crash, Plaintiff, **DENNIS W. VANICOR**, suffered serious injuries to his body, including to his spleen, liver, right femur, right hip, abdomen, kidney, spine, ribs.  These injuries include some that appear to be permanent injuries. Plaintiff, **DENNIS W. VANICOR** has suffered emotionally and mentally because of his injuries.

17.

Plaintiff, **DENNIS W. VANICOR,** has sustained past, present, and future physical pain and suffering, mental anguish and anxiety, physical impairment, and resulting disability which has greatly affected his quality of life all of which Plaintiff is entitled to damages, and demands judgment against the Defendants and, in just and reasonable sums to be determined by the trier of fact in this Honorable Court.

18.

As a result of said injuries, Plaintiff, **DENNIS W. VANICOR** has further incurred past medical, rehabilitation and pharmacy expenses, and will incur additional future medical, rehabilitation and pharmacy expenses, and has suffered a loss of wages and earning capacity, past, present and future, and loss of enjoyment of life, past, present and future, all for which Plaintiff is entitled to damages, and demands judgment against the Defendants and, in just and reasonable sums to be determined by the trier of fact in this Honorable Court.

19.

Plaintiff, **SHEILA A. VANICOR**, who is the spouse of **DENNIS W. VANICOR**, has suffered loss of consortium, services and society of her husband, **DENNIS W. VANICOR**, in a reasonable amount to be determined by the trier of fact in this Honorable Court.

20.

Plaintiffs request a trial by jury on all issues.

## **PRAYER**

**WHEREFORE**, Plaintiffs pray that the Defendants be cited to appear and answer herein; and that upon a final trial, there be judgment herein in their favor and against Defendants and Plaintiffs will recover just and reasonable sums as prayed for herein, together with costs of

Court, legal interest from date of judicial demand until paid, and for all other relief, both general

and special, in law and in equity, to which they may show themselves justly entitled.

Respectfully submitted,

**THE TOWNSLEY LAW FIRM**


By:     */s/ Todd A. Townsley*
        **TODD A. TOWNSLEY** (#21095)
        3102 Enterprise Boulevard
        Lake Charles, LA  70605
        Tel. (337) 478-1400
        Fax (337)478-1577


**PLEASE SERVE:**

**CANAL INSURANCE COMPANY**
**THROUGH ITS AGENT FOR SERVICE:**
**LOUISIANA SECRETARY OF STATE**
**8585 ARCHIVES AVENUE**
**BATON ROUGE, LA 70809**

**BARNES TRANSPORTATION SERVICES, INC.**
**THROUGH ITS AGENT FOR SERVICE:**
**ANTHONY KEITH BARNES**
**2309 WHITLEY ROAD EAST**
**WILSON, NC 27893**

**AND**

**D. CHANCE MCNEELY/LMTA**
**4838 BENNINGTON AVENUE**
**BATON ROUGE, LOUISIANA 70808**

**TONI L. PIATT**
**2730 NORTH US HIGHWAY 31**
**DEATSVILLE, ALABAMA 36022**