UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **DENNIS W VANICOR ET AL** | **CASE NO. 2:22-CV-00801** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **CANAL INSURANCE CO ET AL** | **MAGISTRATE JUDGE LEBLANC** |

### MEMORANDUM ORDER

Before the court is a Motion to Reopen and Enforce Settlement [doc. 55] filed by defendants Canal Insurance Company ("Canal"); Barnes Transportation Services, Inc. ("Barnes Transportation"); and Toni L. Piatt. Plaintiffs oppose the motion. Doc. 61.

### I.
#### BACKGROUND

This suit arises from a motor vehicle accident that occurred on May 20, 2021, between plaintiff Dennis Vanicor and an 18-wheeler tractor-trailer insured by Canal and driven by defendant Piatt, in the course of her employment with Barnes Transportation. Doc. 1. Vanicor and his spouse filed suit in this court, claiming that defendants were liable for injuries he sustained after rear-ending Piatt's vehicle. Specifically, plaintiffs alleged that Piatt continued to travel in the right lane of the interstate even though her vehicle could not maintain the posted speed limit due to mechanical defects and was creating a hazard to vehicles around her.[1] *Id.*

---

[1] Plaintiffs alleged that two other cars were traveling between Vanicor's car and Piatt's vehicle, and that Vanicor did not have the opportunity to observe how slow Piatt was traveling until these cars "narrowly avoided crashing into the rear of Piatt's trailer by swerving to the lane to their left." Doc. 1, ¶¶ 9–10.

The matter was originally set for jury trial before the undersigned on May 13, 2024. Doc. 30. The matter settled, however, for the sum of $1,000,000.00 and plaintiffs executed a release to that effect on January 22, 2024. Doc. 55, att. 2. On April 5, 2024, defendants filed a notice of settlement. Doc. 54. The court issued a 60-day judgment of dismissal eleven days later, dismissing plaintiffs' claims without prejudice. Doc. 55.

On August 30, 2024, plaintiffs (now represented by new counsel) filed a Petition to Perpetuate Testimony in state court under Louisiana Civil Code articles 1429 and 1431. Doc. 55, att. 5. There they stated that they had settled for the policy limits under Canal's coverage and released their claims against all defendants in this suit "[b]ased upon the affidavit of Keith Barnes . . . CEO of Barnes Transportation Services, Inc., dated December 18, 2023[.]" *Id.* at ¶ 2. They further asserted that they wished "to do discovery pursuant to Code of Civil Procedure Articles 1429 and 1431 to ascertain if Petitioners have a basis to proceed to set aside the settlement as to Barnes Transportation Services, Inc." and requested that the state court authorize same. *Id.* at ¶ 3.

In the affidavit, which was attached to the state court petition, Keith Barnes indicated that "Plaintiffs, and their counsel, have been provided" with certain enumerated documents concerning the financial condition of Barnes Transportation and that these documents contained "true, correct and accurate financial information concerning the continued, and ongoing negative financial status and performance of Barnes Transportation," which he stated had "further worsened as of year-end 2023." Doc. 55, att. 5, pp. 6–7, ¶¶ 1–2. To that end, Barnes specified that Barnes Transportation had "no cash, nor other assets, to contribute to any settlement . . . nor any ability to satisfy any judgment

in excess of the $1,000,000 limit of [its] insurance policy with Canal Insurance Company[.]" *Id.* at p. 7, ¶ 3. Finally, Barnes stated on behalf of himself and Barnes Transportation that he understood that the representations set forth in the affidavit were made "to induce Plaintiffs into accepting the $1,000,000 offer of settlement;" that plaintiffs and their counsel were "specifically and materially relying on these representations in deciding to accept said offer of settlement," and finally "that if the representations contained in this affidavit are materially untrue, that would be grounds for Plaintiffs to set aside the settlement and release of their claims . . . and seek additional recovery from Barnes Transportation for their injuries and damages[.]" *Id.* at pp. 7–8, ¶ 5.

Defendants have filed exceptions in the state court proceeding, which are set for hearing on December 16, 2024. Doc. 62, p. 2. They have also filed the instant motion to reopen and enforce settlement in this matter, arguing that the plaintiffs' state court petition amounts to an attempt "to grab Mr. Barnes by the feet and shake him upside down to see if coins or gold teeth fall out." Doc. 55, att. 1, pp. 2–3. Accordingly, they request that the court enforce the release and its judgment of dismissal. Plaintiffs oppose the motion, arguing that the relief sought can be handled in the state court proceedings. Doc. 61.

## II.
## LAW & APPLICATION

"Enforcement of [a] settlement agreement . . . is more than just a continuation or renewal of the dismissed suit, and hence requires its own basis for jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 378 (1994). A court's ancillary jurisdiction to manage its own proceedings only extends to enforcement of settlement

agreements if the terms of the agreement are incorporated into the order of dismissal or if the dismissal "contains language expressly retaining jurisdiction over the enforcement of the settlement agreement." *Goudelock v. McLemore*, 985 F.Supp.2d 816, 817 (N.D. Miss. 2013) (citing *Kokkonen*, 511 U.S. at 381, 382). If neither of these exceptions applies, enforcement is ordinarily a matter for the state courts "unless there is some independent basis for federal jurisdiction." *Id.* (quoting *Kokkonen*, 511 U.S. at 382).

The 60-day judgment of dismissal entered on April 16, 2024, made no mention of the settlement's terms, nor was the settlement attached. *See* doc. 65. Instead, the judgment provided that this action was dismissed without prejudice "to the right, upon good cause shown **within sixty (60) days**, to reopen the action if settlement is not consummated." Doc. 54 (emphasis added). It further provided that, if no such motion was filed, the matter would be considered closed. *Id.* Accordingly, the court only retained jurisdiction to enforce the settlement upon a showing of cause by June 15, 2024. Defendants' motion to reopen does not fall under either of *Kokkonen*'s exceptions for ancillary jurisdiction.[2]

As for an independent jurisdictional basis, more than the diversity jurisdiction covering plaintiff's claims and the settlement dispute is needed to reopen a closed case. *Vikas WSP, Ltd. V. Economy Mud Prods. Co.*, 23 F.4th 442, 453 (5th Cir. 2022). Otherwise, "the federal rules' provisions for altering a judgment, *see* Fed. R. Civ. P. 59, and for seeking relief from a judgment, *see* Fed. R. Civ. P. 60, would be surplusage" and "[f]ew judgments would be final." *Id.* Defendants aver that they are not seeking relief from a judgment under

---

[2] Additionally, the fact that the 60-day Judgment of Dismissal was without prejudice does not provide an exception to *Kokkonen*. *See Hospitality House, Inc. v. Gilbert*, 298 F.3d 424, 433 (5th Cir. 2002) (court lacked ancillary jurisdiction to enforce settlement after order dismissing the case without prejudice).

Rule 60, and indeed the court doubts that enforcement of a settlement would provide the "extraordinary circumstances" required to grant such relief under Rule 60(b)(6). *Accord Gouldelock*, 985 F.Supp.2d at 818. They therefore fail to show any basis for the court to reassert its jurisdiction in this matter. Instead, "enforcement of the settlement agreement is a state law contractual claim" which may be brought in an independent federal suit if the diversity requirements of 28 U.S.C. § 1332(a) are satisfied. *Id.*

### III.
#### CONCLUSION

For the reasons stated above, **IT IS ORDERED** that the Motion to Reopen and Enforce Settlement [doc. 55] be **DENIED**.

**THUS DONE AND SIGNED** in Chambers on the 26th day of November, 2024.

JAMES D. CAIN, JR.
UNITED STATES DISTRICT JUDGE